FILED
 2013 Jun-20  AM 10:19
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONCEY FRANK BOYKIN,** | ) | |
| **Movant,** | ) | |
| v. | ) | **2:00-cr-188-JHH** |
| | | **2:13-cv-8020-JHH** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

The court has before it the June 11, 2013 Motion (Doc. #1) to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Doncey Frank Boykin. The court is very familiar with Boykin, having just addressed a post-conviction motion last month. See Case No. 2:13-cv-8012-JHH. As stated in the memorandum opinion in that case (doc. # 7), the long and extensive history of Boykin's post-conviction motions makes one thing crystal clear: the June 11, 2013 Motion (Doc. #1) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is not Boykin's first § 2255 motion, and is at least Boykin's fourth such motion. Successive motion pursuant to § 2255 may not be reviewed by this court unless the defendant first obtains permission from the Eleventh Circuit Court of Appeals to file the same. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); Jackson v. Crosby, 437

F.3d 1290, 1294-95 (11th Cir. 2006).  It is undisputed that Boykin has not obtained the requisite permission from the Eleventh Circuit Court of Appeals. As such, the court's hands are tied, and it cannot consider the present motion.

Because Boykin has not satisfied this requirement, the court is without jurisdiction to entertain his successive § 2255 motion.   A separate order will be entered dismissing this action without prejudice. The Clerk is **DIRECTED** to mail a copy of this order to the Movant and the United States Attorney for the Northern District of Alabama.

**DONE** this the   20th   day of June, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE